1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CLARICE SANDERS-HOLLIS,                    No.  2:19-cv-00092-KJM-DB

12                 Plaintiff,

13         v.                                    ORDER

14    STATE OF CALIFORNIA, HEALTH
      AND HUMAN SERVICES AGENCY, et
15    al.,

16                 Defendants.

17

18

19              Defendant California Department of Social Services' (DSS) motion to dismiss

20    plaintiff's complaint is before the court.  For the reasons set out below, the court GRANTS

21    defendant's motion.

22    I.    BACKGROUND

23              On August 20, 2018, plaintiff Clarice Sanders-Hollis filed a complaint against

24    defendant DSS alleging seven separate California Fair Employment and Housing Act (FEHA)

25    violations, violation of Title VII of the federal Civil Rights Act, and violation of the federal Age

26    Discrimination in Employment Act (ADEA).  Compl., ECF No. 1 at 10–17.  On January 14, 2019,

27    defendant timely removed the action to this court on the basis of federal question jurisdiction.

28    Notice of Removal, ECF No. 1 at 2 (citing 28 U.S.C. § 1331).  On January 22, 2019, defendant

1     moved to dismiss plaintiff's complaint for failure to state a claim on which relief may be granted.

2     Mot., ECF No. 3 at 1–2 (citing Fed. R. Civ. P. 12(b)(6)). Plaintiff opposed, ECF No. 6, and

3     defendant responded, ECF No. 7. The court submitted the motion without a hearing, ECF No. 12,

4     and resolves it here.

5     II.     LEGAL STANDARD

6     A party may move to dismiss for "failure to state a claim upon which relief can be

7     granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a

8     "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

9     *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted).

10     A complaint must contain a "short and plain statement of the claim showing that the pleader is

11     entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations,"

12     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make

13     the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory or formulaic

14     recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule

15     12(b)(6) analysis, the court must accept well-pled factual allegations as true and construe the

16     complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

17     If a plaintiff requests leave to amend a claim subject to dismissal, the federal rules

18     mandate that leave "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Before

19     granting leave, a court considers any potential bad faith, delay, or futility regarding the proposed

20     amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182

21     (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

22     III.     DISCUSSION

23     Plaintiff does not meet her burden of pleading sufficient facts to state a plausible

24     claim for relief to support any of her nine claims. *See Iqbal*, 556 U.S. at 678. In fact, plaintiff's

25     complaint does not include any allegations of fact whatsoever; rather, the complaint merely

26     contains conclusory statements followed by a recitation of the elements of each cause of action.

27     Plaintiff must plead more than conclusory statements to state a claim. *Id.*

28     /////

A.     FEHA Claims (Claims 1–7)

Plaintiff pleads seven claims under FEHA, Cal. Gov't Code section 12940, discrimination, failure to prevent discrimination, harassment, failure to prevent harassment, retaliation, failure to provide reasonable accommodation, and failure to engage in good faith in the interactive process. *See* Compl. at 12–16 (reordered here for clarity of discussion).

1.     Discrimination Claim

To establish a prima facie showing of discrimination under FEHA, a plaintiff must provide evidence that she "(1) [] was a member of a protected class, (2) [] was qualified for the position [she] sought or was performing competently in the position [she] held, (3) [] suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Nielsen v. Trofholz Technologies, Inc.*, 750 F. Supp. 2d 1157, 1165 (E.D. Cal. 2010) (quoting *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000)). Plaintiff has not pleaded facts to show any of these elements; therefore, plaintiff fails to adequately plead a claim for discrimination under FEHA.

2.     Harassment Claim

To state a FEHA harassment claim, an employee must allege facts showing workplace harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees," *Hughes v. Pair,* 46 Cal. 4th 1035, 1043 (2009) (quoting *Miller v. Dep't of Corrs.,* 36 Cal. 4th 446, 462 (2005)); *see also Andrade v. Staples, Inc.,* No. CV 14–7786 PA (Ex), 2014 WL 5106905, *3 (C.D. Cal. Oct. 9, 2014) ("Harassment, under FEHA, 'can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting *Rehmani v. Superior Court,* 204 Cal. App. 4th 945, 951 (2012)). Plaintiff's complaint contains no specific factual allegations constituting harassment by defendant. Accordingly, defendant's motion to dismiss this claim must be granted.

/////

/////

3

1

        3.      <u>Failure to Prevent Discrimination Claim and Failure to Prevent Harassment Claim</u>

2

3          "Under FEHA, it is an unlawful employment practice for an employer to fail 'to take

4  all reasonable steps necessary' to prevent discrimination, harassment, and retaliation from

5  occurring." *Brewer v. Leprino Foods Co., Inc.*, No. CV-1:16-1091-SMM, 2019 WL 1206702, *5

6  (E.D. Cal. Mar. 14, 2019) (citing Cal. Gov't Code § 12940(k)); *Taylor v. City of Los Angeles Dep't*

7  *of Water & Power*, 144 Cal. App. 4th 1216, 1239–40 (2006)). "To prevail on a claim under

8  [California Government Code] § 12940(k), the plaintiff has the burden to prove: '(1) plaintiff was

9  subjected to discrimination, harassment, or retaliation; (2) defendant failed to take reasonable steps

10  to prevent discrimination, harassment, or retaliation; and (3) this failure caused plaintiff to suffer

11  injury, damage, loss or harm.'" *Brewer*, 2019 WL 1206702, at *5 (quoting *Leland v. City & Cty.*

12  *of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). Regarding the first element, a

13  claimant must plead and ultimately prove actual discrimination, harassment or retaliation. *See*

14  *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1314 (2015). Thus, a FEHA claim under

15  California Government Code section 12940(k) fails in the absence of a viable underlying claim for

16  discrimination, harassment or retaliation. *See* Cal. Code Regs. tit. 2, § 11023(a)(2) ("In order for a

17  private claimant to establish an actionable claim under Government Code section 12940(k), the

18  private claimant must also plead and prevail on the underlying claim of discrimination, harassment,

19  or retaliation."); *Dickson*, 234 Cal. App. 4th at 1314. Because plaintiff's complaint does not contain

20  factual allegations tied to any of the elements of a discrimination, harassment or retaliation claim,

21  plaintiff's claims for failure to prevent discrimination and failure to prevent harassment also are

22  insufficiently pleaded and must be dismissed.

23          4.      <u>Retaliation Claim</u>

24          "To establish a prima facie case of FEHA retaliation, a plaintiff must allege and

25  ultimately show: (i) that she engaged in a protected activity; (ii) the employer subjected her to an

26  adverse employment action; and (iii) a causal link existed between her protected activity and the

27  employer's action." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 911 (E.D. Cal. 2017) (citing

28

*Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011); *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)); *see also Guz,* 24 Cal. 4th at 354 ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes."). Plaintiff does not plead facts to support any of these elements, and therefore does not state a claim for retaliation under FEHA.

### 5. Reasonable Accommodation Claim

FEHA makes it an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m). "In order to state a claim for failure to provide reasonable accommodation, [a p]laintiff must allege that [she] suffers from a physical or mental disability, that [she] is a qualified individual, and that Defendant failed to reasonably accommodate Plaintiff's disability." *Alejandro v. ST Micro Elecs.*, Inc, 129 F. Supp. 3d 898, 910 (N.D. Cal. 2015) (citing *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000)). Plaintiff has not pleaded any of these elements here, and therefore has not adequately plead a claim for failure to provide reasonable accommodation under FEHA.

### 6. Failure to Engage in Good Faith in an Interactive Process

"Under FEHA, an employer's failure 'to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations' is a violation of the statute separate from any failure to make reasonable accommodations for a qualified employee's disability." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 799–800 (N.D. Cal. 2015) (quoting Cal. Gov't Code § 12940(n)); *Wilson v. Cnty. of Orange*, 169 Cal. App. 4th 1185, 1193 (2009). "FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800 (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001)). "Once initiated, the employer has a continuous obligation to engage in the interactive process in good faith." *Id.* (citing *Swanson v. Morongo Unified Sch. Dist.*, 232 Cal. App. 4th 954, 971 (2014), *as modified on denial of reh'g* (Dec. 23, 2014)). The

interactive process "requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively." *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 919 (E.D. Cal. 2013).

"To prevail on a section 12940(n) claim, an employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred." *Achal*, 114 F. Supp. 3d at 800 (citing *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015)). Plaintiff has not adequately alleged facts suggesting she required an accommodation in the first place, nor that defendant was aware plaintiff needed an accommodation. Thus, plaintiff's claim for failure to engage in an interactive process must also be dismissed for failure to state a claim.

B.     Federal Claims (Claims 8–9)

Plaintiff pleads two federal claims: discrimination in violation of Title VII of the Civil Rights Act and discrimination in violation of the Age Discrimination in Employment Act (ADEA). *See* Compl. at 16–17.

1.     Title VII of the Civil Rights Act Claim

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, "prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

i.     Disparate Treatment

"Under *McDonnell Douglas*, a plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Specifically, the plaintiff must show that (1) [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and

6

1   (4) similarly situated individuals outside [her] protected class were treated more favorably." *Id.*

2   (citing *McDonnell Douglas*, 411 U.S. at 802).

3                           ii.      Disparate Impact

4          "A claim of disparate impact challenges 'employment practices that are facially

5   neutral in their treatment of different groups but that in fact fall more harshly on one group than

6   another and cannot be justified by business necessity.'" *Stout v. Potter*, 276 F.3d 1118, 1121 (9th

7   Cir. 2002) (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977);

8   42 U.S.C. § 2000e-2(k)(1)(A)(i)).  "A plaintiff establishes a prima facie case of disparate impact

9   by showing a significant disparate impact on a protected class caused by a specific, identified,

10  employment practice or selection criterion." *Id.* at 1121–22 (citing *Wards Cove Packing Co., Inc.*

11  *v. Atonio*, 490 U.S. 642, 656–57 (1989); *Rose v. Wells Fargo* & Co., 902 F.2d 1417, 1424 (9th Cir.

12  1990).  "It is not sufficient to present evidence raising an inference of discrimination on a disparate

13  impact claim. The plaintiff 'must actually prove the discriminatory impact at issue.'" *Id.* (citing

14  *Rose*, 902 F.2d at 1421).

15         Because plaintiff has not sufficiently pleaded the elements of a disparate treatment

16  or disparate impact claim, her discrimination claim under Title VII must be dismissed.

17                  2.       ADEA Claim

18         The ADEA makes it unlawful for an employer "to fail or refuse to hire or to

19  discharge any individual [over 40 years of age] or otherwise discriminate against any [such]

20  individual with respect to [] compensation, terms, conditions, or privileges of employment, because

21  of such individual's age." 29 U.S.C. §§ 623(a)(1), 631(a).  "The criteria applied to a Title VII

22  discrimination claim also apply to claims arising under the ADEA." *Palmer v. United States*, 794

23  F.2d 534, 537 (9th Cir. 1986).  However, "[t]he discrimination prohibited by the ADEA is

24  discrimination 'because of [an] individual's age,' 29 U.S.C. § 623(a)(1), [and] the prohibition is

25  'limited to individuals who are at least 40 years of age,' § 631(a)." *O'Connor v. Consol. Coin*

26  *Caterers Corp.*, 517 U.S. 308, 312 (1996).  A plaintiff alleging discrimination under the ADEA

27  may also proceed under two theories of liability: disparate treatment or disparate impact. *Palmer*,

28  794 F.2d at 536.  For the same reasons discussed above, plaintiff has not adequately pleaded the

1  elements of an ADEA claim; therefore, plaintiff's claim must be dismissed for failure to state a

2  claim.

3  IV.    CONCLUSION

4          The motion to dismiss is GRANTED, with leave to amend.  Within 21 days, plaintiff

5  may file an amended complaint addressing the shortfalls reviewed above, if she is able to while

6  complying fully with Federal Rule of Civil Procedure 11.

7          This order resolves ECF No. 3.

8          IT IS SO ORDERED.

9  DATED:  September 20, 2019.

10

11  _____
       UNITED STATES DISTRICT JUDGE
12

13