XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER D. HALLORAN, State Bar No. 184025
Supervising Deputy Attorney General
CORI R. SARNO, State Bar No. 230559
Deputy Attorney General
DAVID S. KIM, State Bar No. 324531
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-6182
 Fax:  (916) 324-5567
 E-mail:  Cori.Sarno@doj.ca.gov
*Attorneys for Defendant*
*California Department of Social Services*
*(erroneously sued as the State of California and the*
*Health and Human Services Agency)*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLARICE SANDERS-HOLLIS,**<br><br>                                               Plaintiff,<br><br>       v.<br><br>**STATE OF CALIFORNIA, HEALTH AND HUMAN SERVICES AGENCY, DEPARTMENT OF SOCIAL SERVICES; and DOES 1 through 20, inclusive,**<br><br>                                               Defendants. | 2:19-cv-00092-KJM-DB<br><br>**CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE (12)(b)(6)**<br><br>Date:          November 22, 2019<br>Time:         10:00 a.m.<br>Dept:          3, 15th Floor<br>Judge:        The Honorable Kimberly J. Mueller<br>Trial Date:  None Set<br>Action Filed: 8/20/2018 |

**INTRODUCTION & BACKGROUND FACTS**

A plausible claim for relief in an employment discrimination case must, at a minimum, "contain a short and plain statement of the claim showing that the pleader is entitled to relief," including "relevant dates" and "at least some of the relevant persons involved" with the adverse employment action. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 514 (2002) (citation omitted); *Morgan v. Napolitano*, No. CIV S-09-2649, 2010 WL 3749260, at *5 (E.D. Cal.

1

Sept. 23, 2010).  Plaintiff Clarice Sanders-Hollis' ("Sanders-Hollis") First Amended Complaint fails to allege sufficient facts to meet this standard, and therefore fails to state a claim upon which relief can be granted.  Because, it is unclear whether or not Sanders-Hollis exhausted administrative remedies, what claims are being asserted under Title VII or whether there was even an adverse action, her First Amended Complaint should once again be dismissed.

First, Sanders-Hollis does not and cannot plead compliance with the administrative exhaustion requirements for her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, or the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*.  Sanders-Hollis nakedly asserts she obtained right-to-sue letters from the Department of Fair Employment and Housing and the Equal Employment Opportunity Commission, with no mention in her complaint of when she filed an administrative charge, against whom it was filed, or what unlawful practices were alleged within it.  This is plainly insufficient.  And, it appears Sanders-Hollis' failure to plead facts demonstrating compliance with the administrative exhaustion requirements stems from her failure to properly administratively exhaust any of her claims.  Because Sanders-Hollis' time to file a new administrative complaint has long expired, she cannot cure any failure to exhaust her administrative remedies.  For this reason, the Court should dismiss Sanders-Hollis' First Amended Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

Moreover, Sanders-Hollis' First Amended Complaint, in contravention of the Court's order, is again bereft of any supporting factual allegations.  In dismissing Sanders-Hollis' nine-count complaint against Defendant California Department of Social Services[1] ("DSS"), the Court permitted Sanders-Hollis to "file an amended complaint addressing" the failure to adequately plead any of her claims, "if she is able to while complying fully with Federal Rule of Civil Procedure 11."  ECF No. 18 at 8.  Sanders-Hollis' First Amended Complaint, however, fails to meaningfully comply with the Court's order.  Rather, she again pleads a laundry list of

---

[1] DSS was erroneously sued herein as the State of California, Health and Human Services Agency.

2

conclusory allegations in support of the same nine causes of action. This is insufficient to meet the pleading standard under Fed. R. Civ. P. 8(a). Sanders-Hollis' inadequate allegations, in light of the Court's order, also suggest she cannot adequately plead her complaint while complying with Rule 11. Accordingly, leave to amend would be futile, and Sanders-Hollis' First Amended Complaint should therefore be dismissed for failure to state a claim upon which relief may be granted.

## PROCEDURAL HISTORY

Sanders-Hollis filed her initial complaint for damages on August 20, 2018, in the Sacramento County Superior Court. DSS was served via the Office of the Attorney General on December 14, 2018. On January 14, 2019, DSS removed the action to Federal Court under federal question jurisdiction pursuant to Sanders-Hollis' federal claims under Title VII and the ADEA. DSS timely moved to dismiss the complaint for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

On September 20, 2019, the Court granted DSS' Rule 12(b)(6) motion to dismiss, with leave to amend, finding Sanders-Hollis failed to sufficiently plead the elements of any of her claims. Sanders-Hollis, in response, filed her First Amended Complaint. Because Sanders-Hollis' First Amended Complaint again fails to sufficiently plead facts supporting the elements of any of her claims, and because Sanders-Hollis does not and cannot claim compliance with the administrative exhaustion requirements under state and federal law, DSS again moves to dismiss for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly* (*Twombly*), 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain *factual allegations* sufficient to "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

In deciding a motion to dismiss, the Supreme Court in *Iqbal* clarified the two-step approach district courts are to apply. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to any assumption of truth—mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678-679. Second, the court considers whether the factual allegations in the complaint allege a plausible claim for relief. *See id*. at 679. A claim is facially plausible when the allegations of fact allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 678. The complaint must be dismissed where the claims pled do not cross the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

## ARGUMENT

**I. SANDERS-HOLLIS CANNOT AMEND HER COMPLAINT TO DEMONSTRATE COMPLIANCE WITH THE ADMINISTRATIVE EXHAUSTION REQUIREMENTS.**

**A. Sanders-Hollis Fails to Plead Facts Showing She Exhausted Her Administrative Remedies Under State or Federal Law.**

Sanders-Hollis' causes of action under Title VII, the ADEA, and FEHA must be dismissed due to her failure to plead facts establishing she exhausted her administrative remedies. Compliance with the administrative process is a prerequisite to the Court's jurisdiction over a Title VII claim. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004). Similarly, prior to filing a civil action under the ADEA, an aggrieved party must first exhaust administrative remedies. 29 U.S.C. § 626(d). And under FEHA," exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) (citation omitted).

///

Exhaustion requires the timely filing of a written charge with the proper administrative agency.  In order to exhaust her administrative remedies, Sanders-Hollis was required to have filed a charge with EEOC within 300 days of the alleged violations of Title VII and the ADEA, and within one year of the alleged violations of FEHA.  *See* 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 2000e-5; Cal. Gov. Code § 12960(d).  *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001).  The failure to file a timely charge identifying the alleged discrimination bars a subsequent lawsuit for discrimination.  *See* 29 U.S.C. § 626(d); *Vasquez*, 349 F.3d at 644; *City of Loma Linda*, 24 Cal. 4th at 70.

"While Plaintiff's burden in claiming compliance [with the administrative exhaustion requirements] is minimal at the pleading stage, he must still provide a factual basis for his claim, including when his complaint was filed, a reference to the allegations contained therein, and the date he received a right-to-sue letter."  *Mock v. California Dep't of Corr. & Rehab.*, No. 1:15-CV-01104-MJS, 2015 WL 5604394, at *7 (E.D. Cal. Sept. 23, 2015).

Sanders-Hollis alleges she "received Right to Sue letters from the California Department of Fair Housing and Employment and U.S. Equal Employment Opportunity Commission and has thus exhausted all necessary administrative remedies."  First Amended Complaint, ¶ 24.  Sanders-Hollis, however, fails to plead when her charge was filed, against whom it was filed, what unlawful practices she alleged in her charge, or when she received her right-to-sue letter.  The only factual assertion she makes in support of her legal conclusion that she "exhausted all necessary administrative remedies" is that she "received Right to Sue letters from the California Department of Fair Housing and Employment and U.S. Equal Employment Opportunity Commission . . . ."  *Id.*  Without pleading even these general facts, Sanders-Hollis has failed to meet her burden of claiming compliance with the administrative exhaustion requirements.  *See Mock*, 2015 WL 5604394, at *7 (granting motion to dismiss FEHA claims for failure to plead compliance with administrative exhaustion requirement when plaintiff alleged he filed a DFEH charge and received a right-to-sue letter in connection with allegations in the charge, and provided the assigned DFEH matter number); *see also Kennedy v. Kings Mosquito Abatement Dist.*, No. 1:12-CV-1458, 2013 WL 1129202, at *14 (E.D. Cal. Mar. 18, 2013) ("Plaintiff's

5

conclusory assertion that he has satisfied all requirements of administrative exhaustion fails to meet the pleading standard necessary to establish the court's subject matter jurisdiction over the claim.").

Accordingly, the allegations in Sanders-Hollis' First Amended Complaint fail to demonstrate she exhausted her administrative remedies as to each of the claims alleged in her First Amended complaint.

**B.   Because Sanders-Hollis Cannot Cure Her Failure to Allege Compliance with the Administrative Exhaustion Requirements, Her Claims Should Be Dismissed with Prejudice.**

Sanders-Hollis appears to have filed two separate complaints with DFEH, one on July 25, 2016, and one on August 20, 2018. (See Request for Judicial Notice filed herewith.) She received a right-to-sue notice for each administrative complaint. Neither right-to-sue letter, however, can act as the basis for her conclusion that she exhausted her administrative remedies.

The purpose of the administrative exhaustion requirement is to ensure the investigating agency is provided the opportunity to resolve disputes and eliminate unlawful employment practices through conciliation. *Wills v. Superior Court*, 195 Cal. App. 4th 143, 156 (2011). The United States Supreme Court has cautioned against ensnaring claimants through technicalities "in a statutory scheme [such as Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972). The requirement of specificity in an administrative complaint, however, is not a mere technicality. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (Title VII); *see also Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) ("To exhaust his or her administrative remedies as to a particular act made unlawful by the Fair Employment and Housing Act, the claimant must specify that act in the administrative complaint."). California law "requires that a DFEH complaint include the following: (1) a description of the alleged act or acts of discrimination, harassment, or retaliation; (2) the date or dates of each alleged act of discrimination, harassment, or retaliation; and (3) each protected basis upon which the alleged discrimination or harassment was based." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 794 (N.D. Cal. 2015). These requirements persist, even if the plaintiff requests an immediate right-to sue notice. *See* 2 C.C.R.

§ 10005(d) (providing that "an aggrieved person shall file a right-to-sue complaint with the department containing[,]" *inter alia*, a description of the alleged acts of discrimination, harassment, or retaliation, and *dates for each act alleged*) (emphasis added).

Sanders-Hollis' August 20, 2018, DFEH complaint (Request for Judicial Notice, Exh. C) fails to meaningfully provide any of this information. Rather, Sanders-Hollis' DFEH complaint is a recitation of legal conclusions, none of which identify a specific instance of wrongdoing, provide any dates[2] of any alleged acts of wrongdoing, or provide any specificity as to the protected bases of any of Sanders-Hollis' claims. *Id.* Such a list of generalized grievances, masquerading as factual assertions, cannot suffice to permit either the employer or the responsible administrative agency an opportunity to investigate the allegations and attempt to resolve the dispute. Because all of Sanders-Hollis' claims originate from her August 20, 2018, DFEH complaint and the concurrently issued right-to-sue notice, and because Sanders-Hollis' judicial complaint is limited to the scope of her DFEH complaint,[3] the lack of any specificity in her August 20, 2018 DFEH complaint dooms her judicial complaint for failure to exhaust her administrative remedies.

To the extent Sanders-Hollis relies on the allegations made in her July 25, 2016, DFEH complaint, that argument must also fail, particularly as to any disability based claims as there are no allegations regarding disability or failure to accommodate disability.

Finally, Sanders-Hollis left her employment with DSS on January 8, 2018, and transferred to another state agency. RJN, Exh. G. Accordingly, her time to file a new DFEH charge, under either FEHA or federal law, has also long expired. *See* 29 U.S.C. § 626(d)(1)(B) (300 days from

---

[2] Sanders-Hollis alleges in her DFEH complaint that all of DSS' adverse actions took place "on or about August 20, 2018[,]" the same date Sanders-Hollis filed the DFEH complaint. RJN, Exh. C. This does not meaningfully comply with the requirement to provide "the date or dates of each alleged act of discrimination, harassment, or retaliation." *Achal*, 114 F. Supp. 3d at 794.

[3] "The administrative exhaustion requirement is satisfied if the allegations of the civil action are *within the scope of the EEOC charge,* any EEOC investigation actually completed, or any investigation that might reasonably have been expected to grow out of the charge." *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 266 (2009). But, because Sanders-Hollis requested an immediate Right to Sue notice, DFEH did not investigate her complaint. RJN, Exh. D. Thus, the scope of Sanders-Hollis' judicial complaint is limited to the scope of her EEOC charge.

the date of alleged unlawful conduct, under the ADEA); 42 U.S.C. § 2000e-5 (300 days, under Title VII); Cal. Gov. Code § 12960(d) (1 year, under FEHA).  She cannot now file a new DFEH complaint and seek leave to amend her judicial complaint based on any new administrative complaint.  Dismissal with prejudice is therefore proper as to any claims not properly exhausted, such as the disability claims under the FEHA.

## II. EACH ONE OF THE NINE CAUSES OF ACTION CONTAINED IN SANDERS-HOLLIS' COMPLAINT FAILS TO ALLEGE ANY FACTS WHICH DEMONSTRATE A PLAUSIBLE CLAIM FOR RELIEF.

"An employment discrimination complaint . . . need not contain specific facts establishing a prima facie case, but instead must only contain a short and plain statement of the claim showing that the pleader is entitled to relief."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quotation marks omitted).  A description of "the events leading to [an adverse employment action], provid[ing] relevant dates, and includ[ing] the [protected class] . . . of at least some of the persons involved" in the discrimination claim is sufficient to satisfy a plaintiff's obligation to state a claim for relief.  *Id.*  In this case, there are no factual allegations indicating an adverse action occurred, who was responsible for it, when it occurred, whether the allegations are exhausted or any other fact from which Defendant can investigate Plaintiff's claims and identify witnesses.  Nor are there any facts from which to infer causation.

"Blanket, general allegations are not sufficient to allege facts from which the court can infer causation."  *Napolitano*, 2010 WL 3749260, at *6.  Courts have consistently dismissed employment discrimination claims bereft of relevant dates, facts identifying at least some of the relevant persons involved in the adverse employment action, locations, or specific incidents as failing to state a claim upon which relief can be granted. *See, e.g., Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730, 2013 WL 1758760, at *6 (N.D. Cal. Apr. 24, 2013) (dismissing plaintiffs' retaliation claims under FEHA, in part, because "plaintiffs fail to provide any dates or other facts to support a finding that the position became or remained open after plaintiffs had engaged in protected activity"); *O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*, No. C10-0941, 2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010) (dismissing FEHA sex discrimination claims "because [plaintiff] has not alleged any dates in her complaint"); *see also Lavery-Petrash v.*

8

*Sierra Nevada Mem'l Hosp.*, No. 2:11-CV-1520, 2014 WL 334218, at *7 (E.D. Cal. Jan. 29, 2014) (dismissing negligence claim in the employment context because the complaint "fail[ed] to identify any applicable dates, names, locations, incidents, etc., in support . . . .").

Here, Sanders-Hollis' allegations do not amount to anything more than blanket, conclusory statements. Sanders-Hollis claims DSS subjected her to a hostile work environment, but fails to identify when or where the alleged harassment occurred, who harassed her, or how long the alleged harassment persisted. *See* First Amended Complaint, ¶ 7. She then alleges her supervisor subjected her to a number of "adverse actions," but fails to plead any specific facts in support. *Id.* at ¶ 8. She claims she "informed Defendant's management and its EEO office" that she was disabled, and requested a transfer, but the transfer was denied. *Id.* at ¶¶ 9-13. She does not specify whom she notified, when she asked for accommodation, what her disability was or is, or provide any other specific facts in support. Finally, Sanders-Hollis claims that, after she notified DSS, she was subjected to a number of "adverse actions." *Id.* at ¶ 14-16. Again, none of these allegations are accompanied by any identifying facts. Sanders-Hollis' remaining allegations amount to nothing more than a series of legal conclusions.

Accordingly, Sanders-Hollis' First Amended Complaint plainly does not provide DSS with fair notice of her claims and the grounds upon which they rest. Without any factual assertions of the relevant dates, actors, locations, or incidents underlying each of Sanders-Hollis' claims, DSS is left to guess what misconduct Sanders-Hollis alleges gives rise to each of her claims, who engaged in the misconduct, when the misconduct occurred, or whether the claims were administratively exhausted. As a practical matter, DSS cannot investigate the basis of Sanders-Hollis' claims, determine defenses, or determine who the witnesses are, absent this basic factual information. Sanders-Hollis' claims, based on the scant facts alleged in her First Amended Complaint, are not facially plausible, and therefore fail to meet the pleading standard in federal court. *See Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

///

In dismissing Sanders-Hollis' original complaint against DSS, the Court permitted Sanders-Hollis to "file an amended complaint addressing" the failure to adequately plead any of her claims, "if she is able to while complying fully with Federal Rule of Civil Procedure 11." ECF No. 18 at 8. Sanders-Hollis' First Amended Complaint does not address her failure to adequately plead any of her claims. Because her failure to do so indicates Sanders-Hollis cannot simultaneously comply with Rule 11 and amend her complaint to state a claim upon which relief can be granted, dismissal of the complaint with prejudice is proper.

**CONCLUSION**

Sanders-Hollis is required to plead facts, which, if taken as true, would demonstrate entitlement to relief, including facts demonstrating compliance with the administrative exhaustion requirement. Because Sanders-Hollis does not and cannot allege facts sufficient to support any of her claims, dismissal is once again proper under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated:  October 21, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER D. HALLORAN
Supervising Deputy Attorney General


*/s/ Cori R. Sarno*


CORI R. SARNO
Deputy Attorney General
*Attorneys for Defendant
California Department of Social Services
(erroneously sued as the State of California
and the Health and Human Services Agency)*

SA2019100060
Defendant's Notice of Motion to Dismiss.docx

# CERTIFICATE OF SERVICE

Case Name: **Clarice Sanders-Hollis v. State of California, Health and Human Services Agency, Department of Social Services**   No.   2:19-cv-00092-KJM-DB

I hereby certify that on <u>October 21, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE (12)(b)(6)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 21, 2019</u>, at Sacramento, California.

| Marianne Baschiera | */s/ Marianne Baschiera* |
|---|---|
| Declarant | Signature |

SA2019100060
POS motion.docx