1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  PETER D. HALLORAN, State Bar No. 184025
   Supervising Deputy Attorney General
3  CORI R. SARNO, State Bar No. 230559
   Deputy Attorney General
4  DAVID S. KIM, State Bar No. 324531
   Deputy Attorney General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 210-6182
7    Fax: (916) 324-5567
     E-mail: Cori.Sarno@doj.ca.gov
8  *Attorneys for Defendant*
   *California Department of Social Services*
9  *(erroneously sued as the State of California and the*
   *Health and Human Services Agency)*
10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| 15 **CLARICE SANDERS-HOLLIS,** | Case No. 2:19-cv-00092-KJM-DB |
| 16 Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE (12)(b)(6)** |
| 17 v. | |
| 18 | |
| 19 **STATE OF CALIFORNIA, HEALTH AND HUMAN SERVICES AGENCY, DEPARTMENT OF SOCIAL SERVICES; and DOES 1 through 20, inclusive,** | Date:           November 22, 2019 |
| 20 | Time:           10:00 a.m. |
| 21 Defendants. | Dept:           3, 15th Floor |
| 22 | Judge:          The Honorable Kimberly J. Mueller |
| 23 | Trial Date:     None Set |
| | Action Filed: 8/20/2018 |

24          Defendant Department of Social Services ("DSS") requests that the Court take judicial

25  notice of the attached documents pursuant to Federal Rule of Evidence 201 in considering the

26  Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

27          As a general rule, "a district court may not consider any material beyond the pleadings in

28  ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

                                                              1

1    (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds)).

2    A court, however, may take judicial notice of matters of public record without converting the

3    motion into a summary judgment motion if the documents' authenticity is not contested and the

4    plaintiff's complaint necessarily relies on them, or if the documents to be noticed are matters of

5    public record.  *Id.* at 688-89.  The Court may also take judicial notice of records and reports of

6    administrative bodies.  *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)

7    (abrogated on other grounds).  The records of the Department of Fair Employment and Housing

8    ("DFEH"), following the conclusion of an investigation, are public.  *See Ayala v. Frito Lay, Inc.*,

9    263 F. Supp. 3d 891, 901-02 (2017) (charges filed with DFEH and EEOC are matters of public

10   record that may be judicially noticed); *see also* DFEH Guidelines for Requesting Public Records,

11   https://www.dfeh.ca.gov/news-and-public-records (last visited Oct. 14, 2019).

12       Defendant DSS requests that the Court take judicial notice of the following DFEH records

13   in considering its motion to dismiss:

14           (1) Acknowledgement of Inquiry Filing, dated April 3, 2016, attached hereto as

15           Exhibit A;

16           (2) Notice of Pre-Complaint Inquiry Closure, dated July 19, 2016, attached hereto as

17           Exhibit B;

18           (3) Plaintiff's DFEH Complaint, No. 201808-03290420, dated August 20, 2018,

19           attached hereto as Exhibit C;

20           (4) Plaintiff's Notice of Case Closure and Right to Sue, dated August 20, 2018,

21           attached hereto as Exhibit D;

22           (5) Plaintiff's DFEH Complaint, No. 555-2016-01065, dated July 25, 2016, attached

23           hereto as Exhibit E; and

24           (6) Notice to Complainant of Right to Sue, dated August 15, 2016, attached hereto as

25           Exhibit F.

26       All of the aforementioned DFEH/EEOC records are available to the public and may

27   therefore be judicially noticed.

28   ///

1    Additionally, Defendant DSS requests that the Court take judicial notice of:

2        (7) Plaintiff's Employee Separation Notice, dated January 8, 2018, attached hereto as

3        Exhibit G.

4    Plaintiff's Employee Separation Notice is a record maintained by Defendant DSS, an

5    administrative body, and is therefore subject to judicial notice.

6    Dated:  October 21, 2019                    Respectfully submitted,

7                                                XAVIER BECERRA
                                                 Attorney General of California
8                                                PETER D. HALLORAN
                                                 Supervising Deputy Attorney General
9

10                                               */s/ Cori R. Sarno*

11

12                                               CORI R. SARNO
                                                 Deputy Attorney General
13                                               *Attorneys for Defendant*
                                                 *California Department of Social Services*
14                                               *(erroneously sued as the State of California*
                                                 *and the Health and Human Services Agency)*
15   SA2019100060
     Request for Judicial Notice iso Motion to Dismiss.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

3

Request for Judicial Notice in Support of California Department of Social Services'
Motion to Dismiss (Case No. 2:19-cv-00092-KJM-DB)

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 03, 2016

Clarice SandersHollis

▮▮▮▮▮▮▮▮▮

**RE: ACKNOWLEDGEMENT OF INQUIRY FILING**
   DFEH Inquiry Number: 756850-220231

Your inquiry has been received.  Thank you for filing an inquiry with the Department of Fair Employment and Housing.  A Department representative will contact you within the next 60 business days to discuss your inquiry.

Complainant's telephone number: ▮▮▮▮▮▮
Complainant's email address ▮▮▮▮▮▮
Subtype: Employment
Basis: Age - 40 and over
Harm: Discrimination Denied a work environment free of discrimination and/or retaliation
Last date of harm: March 17, 2016
Additional Facts: On 3/17/16,was having 1 on 1 with manager, and she stated to me that she knows she is younger than myself and I probably have kids her age, I told her I do but I asked her what does that have to do with work or anything, she didn`t answer, so I proceeded to tell her that I do not have a problem with her being younger or . I informed her that I was bothered by a comment I overheard her friend who is also a manager say to her.  I proceeded to tell her that on February 4, 2016, I overheard Mira Brooks use the N word while having a conversation with her. Sarah then said she is married to a Black man, I said and what does that have to do with anything, I know 100% I heard her use the N word while engaged in a conversation with her.  I told her Mira was sitting in her cubicle texting on her phone and maybe after 10 to 15 minutes later she walked in Sarah cubicle and said the following:  girl that N and then her voice got lower and I couldn`t hear the rest then they both started laughing. Sarah then says to me that she wouldn`t allow her to use that word with her and that she don`t know my struggles and she hasn`t walked in my shoes and her husband is Black and she is trying to learn his culture.  I again said to her that what does that have to do with Mira using a derogatory word. She kept denying what I heard and I told her that is your friend but I will bet my whole paycheck that Mira used the N word while engaged in a conversation with her.  I even told her to think back about a month or so ago and think about a conversation that Mira had with her where maybe she was upset with someone, her spouse or whomever.  It has been bothering me ever since and I even told Sarah that I spoke to my doctor about the issue.  I had informed the bureau chief about the issue on March 7, 2016 but by March 10, 2016 he was no longer with the department, not really sure for what reasons. On March 22, 2016, Sarah was having her 1 on 1 with the Branch Chief Nicole Carr, as I walked to the printer, I noticed Nicole was on her phone, it was around 3ish in the afternoon, I remembered thinking why would Nicole be on her phone while having a 1 on 1 with Sara, after her 1 on 1, Nicole Carr (branch

chief)came to my cubicle and asked me if she could speak with me.  Once in her office, I said Sarah must have told you about what happened and she said no, and she is apologizing to me about how busy she has been and hadn`t forgotten about me, I said oh that`s okay, I cancelled my request to meet with you anyway, she said I know but Erlene keeps me on my toes, she reminds me and I said really, I cancelled the meeting so why would she do that.  I said well, I`m going to tell you everything, so I proceed to tell Nicole that I feel Sarah discriminated against me with the age issue, and I tell her about how I overheard Mira using the N word, I also tell her that on January 12, 2016, Sarah tells myself and another co-worker about how she wants to punch another coworker in the face, I tell her of another incident that happened the at the beginning of March where Sarah was singing the batman theme song but she was singing it with an inappropriate word.  I proceeded to tell Nicole, I guess now the retaliation is going to start against me and that`s why it took me a while to come forward because I`m afraid of the retaliation but these issues have really been getting to me.  Nicole informed me that she will be discussing the issues that I informed her of with some people.  She then told me there will be no retaliation and said it took strength on my part to come forward with the issues we discussed.  I also informed Nicole that another co-worker knows of things that has happen with Sarah and Nicole said that she would be dealing with my issues and if that employee wanted to discuss with her then she could.  Shortly, after I left Nicole office, Sarah and Mira went to one of the small conference rooms.  I sent Nicole an email informing her of that and told her I guess they went to have a discussion.  Since this has happened Sarah his started just nic-picking with me an


Department of Fair Employment and Housing

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

July 19, 2016

Clarice SandersHollis                    Via email: ███████████████

███████████████████

RE:    **Notice of Pre-Complaint Inquiry Closure**
         DFEH Number: 756850-220231
         SandersHollis / Smith Department Of Social Services - Human Resources

Dear Clarice SandersHollis:

The Department of Fair Employment and Housing (DFEH) has closed your pre-complaint inquiry for the following reason(s):

> We attempted to contact you via telephone and/or electronic mail on June 16, 2016 and July 19, 2016 and were unsuccessful.  If you wish to pursue, you must be available for an interview by July 19, 2016.  Otherwise this inquiry will be closed. To schedule your interview, please contact me at the number listed below. Should you wish to proceed with the interview after this date, you will be placed back into the intake interview rotation process, which has a current wait time of approximately 60 days.

Be advised a complaint must be filed within one (1) year of the last act of discrimination.

If you have any questions, please contact me within ten (10) days from the date of this letter. If your case is closed and you would like to appeal that decision, you may submit a written request to DFEH, Regional Administrator Selena Wong, 2218 Kausen Drive, Suite 100, Elk Grove, CA or call 510-789-1027.

Sincerely,

Marshalena Adkins
Consultant I
510.789.1049
marshalena.adkins@dfeh.ca.gov

# EXHIBIT C

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

5
**In the Matter of the Complaint of**
Clarice Sanders-Hollis                                    DFEH No. 201808-03290420

6
                              Complainant,

7
vs.

8
State of California, Health and Human Services
Agency, Department of Social Services

9
744 P Street

10
Sacramento, California 95814

11
                              Respondents

12
_____

13
1. Respondent **State of California, Health and Human Services Agency,
Department of Social Services** is an **employer** subject to suit under the California

14
Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

15
2. Complainant **Clarice Sanders-Hollis**, resides in the City of  State of ▮▮▮▮▮

16
3. Complainant alleges that on or about **August 20, 2018**, respondent took the
following adverse actions:

17

18
**Complainant was harassed** because of complainant's race, ancestry, national
origin (includes language restrictions), color, family care or medical leave (cfra)

19
(employers of 50 or more people), genetic information or characteristic, disability
(physical or mental), medical condition (cancer or genetic characteristic), age (40

20
and over), association with someone of a protected class.

21
**Complainant was discriminated against** because of complainant's race, ancestry,

22
national origin (includes language restrictions), color, family care or medical leave
(cfra) (employers of 50 or more people), genetic information or characteristic,

23
disability (physical or mental), medical condition (cancer or genetic characteristic),

24
age (40 and over), association with someone of a protected class and as a result of
the discrimination was denied hire or promotion, reprimanded, denied equal pay,

25
suspended, denied or forced transfer, demoted, asked impermissible non-job-related
questions, denied a work environment free of discrimination and/or retaliation,

26

27
                              -1-
                    *Complaint – DFEH No. 201808-03290420*

28
Date Filed: August 20, 2018

1  denied any employment benefit or privilege, denied reasonable accommodation for a
   disability, denied family care or medical leave (cfra) (employers of 50 or more
2  people), other, denied work opportunities or assignments.

3
   **Complainant experienced retaliation** because complainant reported or resisted
4  any form of discrimination or harassment, participated as a witness in a
   discrimination or harassment claim, requested or used california family rights act or
5  fmla, requested or used a disability-related accommodation and as a result was
   denied hire or promotion, reprimanded, denied equal pay, suspended, denied or
6  forced transfer, demoted, asked impermissible non-job-related questions, denied a
   work environment free of discrimination and/or retaliation, denied any employment
7  benefit or privilege, failed to give equal considerations in making employment
8  decisions, denied reasonable accommodation for a disability, denied family care or
   medical leave (cfra) (employers of 50 or more people), partial recommendation for
9  subsequent employment in retaliation for filing discrimination or harassment
   complaints.
10

11
   **Additional Complaint Details:** Respondent subjected Claimant to a hostile work
12 environment on the aforementioned bases including slurs, offensive language,
   exclusion, and insults. Respondents failed to engage in good faith and provide a
13 reasonable accommodation for Claimant's disabilities. On the aforementioned
14 bases, in retaliation for Claimant's request/exercise of reasonable accommodation,
   and in retaliation for Claimant's filing of discrimination/harassment/retaliation
15 charges, and opposition to discrimination/harassment/retaliation, Respondent
16 subjected Claimant to failure to hire/promote, false/pretexutal warnings/write
   ups/discipline, negative employment actions, inferior terms and conditions of
17 employment, instruction not to work, failure to follow policies, failure to timely
   investigate, and an unsafe work environment.

18

19

20.

21

22

23

24

25

26

27                                      -2-
                        *Complaint – DFEH No. 201808-03290420*
28
   Date Filed: August 20, 2018

VERIFICATION

I, **Michael J. Freiman, Esq.**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On August 20, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – DFEH No. 201808-03290420*

Date Filed: August 20, 2018



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    D RECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 20, 2018

Michael Freiman
100 Wilshire Blvd. Ste 700
Santa Monica, California 90401

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201808-03290420
      Right to Sue: Sanders-Hollis / State of California, Health and Human Services
      Agency, Department of Social Services

Dear Michael Freiman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

# EXHIBIT D



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                      D RECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 20, 2018

Clarice Sanders-Hollis
c/o Law Office of Michael Freiman, 100 Wilshire Blvd. Ste 700
, California 90401

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 201808-03290420
     Right to Sue: Sanders-Hollis / State of California, Health and Human Services
     Agency, Department of Social Services

Dear Clarice Sanders-Hollis,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
20, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# EXHIBIT E

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 555-2016-01065 |

| California Department Of Fair Employment & Housing | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Clarice Sanders-Hollis** | (916) 947-2017 | 05-10-1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| **8244 Visalia Way, Sacramento, CA 95828** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CA DEPT OF SOCIAL SERVICES/HUMAN SERVICES** | **500 or More** | (916) 657-4766 |
| Street Address   City, State and ZIP Code | | (916) 657-1762 |
| **744 P Street,  Sacramento, CA 95814** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Human Resource (See Above) | | |
| Street Address   City, State and ZIP Code | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-05-2016**   Latest **03-17-2016**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**SEE ATTACHED**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| X 7/25/16   X *Clarice Sanders-Hollis*   Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter. may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Deborah Randall
Enforcement Manager
(415) 522-3107

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)
   Copy of EEOC Form 5, Charge of Discrimination
   Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

**STATE OF CALIFORNIA**
**HEALTH AND HUMAN SERVICES AGENCY**
**DEPARTMENT OF SOCIAL SERVICES**
**EQUAL EMPLOYMENT OPPORTUNITY OFFICE**

| FOR OFFICIAL USE ONLY | |
|---|---|
| Interview Date: | Date Assigned to EEO Investigator |
| EEO Counselor: | Assigned By: |
| EEO Investigator: | Computer Entry: EEO CASE # |

# CDSS EEO DISCRIMINATION COMPLAINT FORM

The information requested on this form will assist the EEO Office to determine if discrimination has occurred. There is no guarantee that the information that you provide would result in an investigation. Please check or answer only those questions that apply.

**PLEASE PRINT**

APR - 5 2016
California Dept. of Social Services
Equal Employment Opportunity Office
RECEIVED

NAME: Carvee   Sanders-Hollis
(First / Middle / Last)

DATE: 4/3/16

ADDRESS: 8244 Visalia Way   Sacramento   95828
(Street / Apt. Number / City / County / ZIP Code)

DIVISION/BRANCH: Human Resources   BUREAU/LOCATION: DB-8 (15th Floor) UNIT

CLASSIFICATION: Associate Personnel Analyst   LENGTH OF TIME IN CLASS

TELEPHONE NUMBER: WORK (916) 654-7565   HOME (916) 682-9173

I prefer to be contacted by telephone at work/home: Days: M-F   Time: 8:30-5pm

**PERSONAL DATA:** (SPB requires that we report all discrimination complaints to them. This information is for this purpose only.)
Sex: X Female __ Male   Age (circle one) Under or Over 40
Race/Ethnic Group: X African-American __ Asian __ Hispanic __ White (Caucasian) __ Mexican-American __ Filipino __ American Indian __ Other (please specify)

**I WISH TO COMPLAIN AGAINST:**
NAME: Sarah Smith & Mira Brooks   CLASSIFICATION Staff Services Manager
ADDRESS 744 P Street (DB-8/15th Floor) Sacramento   95814
(Street / City / County / ZIP Code)

TELEPHONE NUMBER: WORK (916) 657-1762   NUMBER OF EMPLOYEES 4300+
Job Site Human Resources

YOUR SUPERVISOR'S NAME Sarah Smith
TITLE: Staff Services Manager 1   TELEPHONE ( )
WORK ADDRESS: 744 P Street   Sacramento   95814
(Street / City / County / ZIP Code)

YOUR SECOND LEVEL SUPERVISOR/TITLE:
NAME
WORK ADDRESS
(Street / City / County / ZIP Code)

PS 281 (5/02)

1

1. I believe I was discriminated again( ecause of my (please circle):

| | | | | |
|---|---|---|---|---|
| ☐ Race | ☐ Sex/Sexual Harassment | ☒ Disability (including HIV and AIDS) | ☐ Religion | ☒ Age (40 and over) |
| ☐ Color | ☐ Sexual Orientation | ☐ Medical Conditions (Rehabilitated Cancer) | ☐ National Origin/Ancestry | ☐ Denial of Family Care Leave |
| | | ☐ Genetic Characteristics | ☐ Marital Status | ☐ Political Affiliation |

2. Circle the discriminatory treatment and indicate the *date occurred*: (age descrimination & derogatory use of word

Terminated/Rejected on Probation____ Not Hired _____ Denied Promotion _____ Harassed *after 3/17/16*

Denied Leave (Pregnancy/Family Care Leave) _____ Denied Accommodation _____ Denied Training _____

Performance Evaluation _____ Working Conditions _____

Retaliation *after 3/17/16* (Other) *see below* also additional information on back of this page.)

## NARRATIVE

**HARM ((Please Explain What Happened To You)**

On or about March 17, 2016 around 3pm I was having my 1 on 1 with my manager, Sarah Smith. Ms. Smith stated to me that: I know I'm younger (meaning herself) and you're older (meaning me-Clerica) and you probably have kids my age. I stated to her yes I have kids your age and even older but what does that have to do with anything. And I said where is that coming from. I also said why are you bringing age up, I said I don't have a problem with you being my manager and being younger so I don't know what age have to do with anything. I proceed to tell her I had a problem with her friend the reasonable accommodation manager using the N-wn while she was in Sarah office on February 24 2016 around 9ish or 10ish morning hours. I informed her that Mira Brooks was texting of her phone that morning, to someone and when Mira enters Sarah office and I too do heard her say to Sarah, Girl that N....., Sarah of course

**COMPARATIVE INFORMATION** (Names of co-workers who perform the same job that you do under the same supervisor)-

Leslie Lasnik (Retired Annunanst)
Silvia Hulett (Associate Personnel Analyst)

**OTHER INFORMATION (Relevant to your complaint of discrimination)**

denied she used that word, then she stated to me, well her spouse is an African American I said what does that have to do with anything, I don't want to hear it. Sarah also stated to me that she doesn't know my struggles and she hasn't walked in my shoes. I told her no you haven't. She stated that she is trying to learn her husband culture who is also African American. I told her that has nothing to do with anything and I wouldbet my paycheck that Mira used the N word, she denied it and I told her they laughed about it too Mira used the N word all the 2

3. Why do you believe the unfair treatment was discrimination? (if others were treated better than you, give names, addresses and examples.) Because I'm the only staff that manages Sarah Smith brought up about the same. Her being younger and myself being older and having kids her age has no relation to work. Also I'm the only staff that she stated: I don't know your struggles and She hasn't walked in my shoes. And because I informed her that I overheard the reasonable accommodation manager and Sarah Smith friend use a derogatory word (N-word) while engaged in a conversation with her. Also Sarah on numerous occasions have called employees managers and stakeholders retarded and/or stupid

4. List the names, addresses, job titles and telephone numbers (if possible) of witnesses, co-workers, or others you feel could provide evidence. Explain what you think each witness will be able to tell us. (916)651-2739

| Name and Address | Title/Relationship | Telephone Numbers Home | (Work) |
Maria Lee-Benson | Reasonable Accomidation analyst - Co-worker

Can provide information regarding: That on February 5th 2016, I informed her that I overheard her manager Mira Brooks use an inappropriate word in the work place while talking with Sarah Smith.

| Name and Address | Title/Relationship | Telephone Numbers Home | (Work) |
Silina Trulett | workers comp analyst - Co-worker | (916)657-3599

Can provide information regarding: Sarah Smith using inappropriate word

| Name and Address | Title/Relationship | Telephone Numbers Home | Work |

Can provide information regarding: _____

**(Use extra sheets of paper for additional witnesses, if necessary.)**

5. Are you interested in participating in the State Personnel Board's Mediation Program? Yes _____ No _____

6. Have you filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) or DFEH before coming to EEO? Yes X No Date 4/3/16 Status Acknowledgement of inquiry

7. Have you discussed the problem with any of the following? (If YES, state results below):

(a) Your Supervisor: Yes ___ No ___ (b) CSEA: Yes ___ No ___

(c) Your Manager: Yes X No ___ (d) EAP: Yes ___ No ___

(e) State Police: Yes ___ No ___ (f) Other Bureau Chief & Branch Chief

3

On June 24, 2016 approximately around 9:30am, Friday morning, I received an email from Sarah Smith, informing me that claim detail was missing from an employee. I informed Sarah Smith, that I had no problem of inputting the information, and informed her of this. This claim was one of the new claims that I inherited from the San Diego area, (Sarah was handling the case management in this area) upon my return from bereavement. Then I verbally spoke to Sarah, informing her that the claim detail was there as it occurred in 2011. I informed her per her prior direction, she instructed when a claim is reopen, to input open and the date when the claim is reopen. That information was there. I informed her that she had previously instructed us not to include the decision again. In a nasty, rude tone, Sarah stated, we discussed this before and I informed her we discussed if a claim was reopen, not to key the claim as reopen but to key as open and not to include the decision part again as it was already there and if included again it would be as if the decision was made the same date the claim was reopen. Then Sarah emails me stating the change took place 6/9/16, that the claim reopened. I informed her that I did input the change showing the claim was open effective 6/9/16. I informed her that the claim being accepted in 2011 was still the decision and that part didn't change again. The only change was the claim went from being closed to reopen. Sarah was very rude, I informed Sarah to inform Nicole Carr that I would like to speak with her. I became very upset because I couldn't take her being rude to me as just the day prior to this incident (June 23, 2016) Sarah was rude to me when I asked her for direction regarding a hearing as Leslie is out of the office, therefore, I asked direction from Sarah and her response to me was very rude. So on Friday when she was being very rude I got upset, my co-worker, Silvia, told me to calm down as I had begun to cry, I kept telling Silvia, but it's not fair, I'm tired of her treating me unfair. I said I am going to go and talk to someone. I then went to Erlene Ciceron (Nicole's secretary) and informed her to let Nicole Carr know that I would like to meet with her. I was about to leave the office, and go to EEO, but I thought let me inform a manager know. Therefore, I went to Maureen Graber, the personnel officer, and informed her on what had happened, and I started crying again and informed her, I can't keep working in this hostile work environment and it's very unhealthy, and it has been like this since March 17, 2016. Maureen stated something to the effect that there is no trust in the workers comp unit, and that higher level management was concerned with the high numbers in regards to the workers comp claims. I informed Maureen that Sarah whispers all day to Michael Luna and Kristin Roan, I informed her of how Sarah attitude is with me and how she treats Kristin much different. I also informed her of how Sarah sends these email expectations of the cell phone usage and how she is on her cell phone and personal calls all day. Maureen stated Sarah shouldn't be doing that since she sent her staff an email about the phone usage and personal calls. Maureen asked if Sarah informs staff uniformly, I informed her that sometimes she does but there are quite a few times she will verbally be talking to one of her staff regarding the

solution to an issue but she doesn't share with the rest of the staff, or sometimes she gives a staff direction on a project that she may have staff working but she doesn't do it to all of us. There have been times when she changed a procedure and informed the staff person that she is talking to and doesn't tell others. Maureen informed me that she would speak to Sarah and that I may go to EEO. I left went to EEO and talked with Nancy. I was allowed to stay in one of the conference rooms to calm myself down. I returned to the office later, and Sarah was not there. Upon her return she sent an email to all of her staff, informing us of her direction regarding a procedure. Sarah also sent a prior email which did have those instructions, but after that prior email, Sarah verbally changed the procedure. I received an email later that afternoon informing me that I would meet with Nicole from 4-5pm. I then received another email, informing me that Nicole would meet with me at 2pm instead. I met with Nicole told her all of my concerns, including the retaliation that I am receiving since coming forth to her and going to EEO. I informed Nicole about all the unfair treatment, regarding how Kristin Roan got extensive training for settlements and that Silvia Hulett and myself only received maybe 20 minutes of training. Nicole stated she was under the impression that we had received that same type of training regarding settlements. I informed Nicole of all the emails that Sarah sent me regarding my appointment with EEO, the cell phone usage, personal phone calls, and regarding my work. I also asked Nicole if she could do a hardship transfer and remove me out of personnel and administration. I shared with Nicole that I can't do anything right with Sarah as she always sends me these emails as if I am not doing my job or finding fault with my work. I informed her that I do manage my cases and how I found an error where Sarah was deliberately saying claims were accepted when in actuality these claims did not have a decision yet but Sarah stated she needed to show them accepted to match numbers for a report for Nicole, even though she knew a decision had not been made. Nicole thanked me for talking with her and that she does not tolerate retaliation. She stated she will check into the information that I shared with her. She would also look into the hardship transfer, but would leave that as a last resort as I'm needed in the workers comp unit and that I'm very knowledgeable. She gave me FMLA paperwork and informed me that she was going to hold off on providing me with a 3301 (workers comp claim form) at this time. Several of my co-workers came and checked on me later throughout the day, asking me if I was okay and stating how rude she was to me. You may contact Debra Harris, Kristin Roan and Silvia Hulett.


Clarice Sanders-Hollis

# EXHIBIT F



STATE OF CALIFORNIA | State and Consumer Services Agency                                    GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR PHYLLIS W. CHENG

EEOC Number: 555-2016-01065C
Case Name:    Clarice Sanders-Hollis vs. CA DEPT OF SOCIAL SERVICES/HUMAN
SERVICES
Filing Date:    August 15, 2016

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the
California Department of Fair Employment and Housing (DFEH) by the U.S. Equal
Employment Opportunity Commission (EEOC). The complaint will be filed in
accordance with California Government Code section 12960. This notice constitutes
service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be
conducting an investigation into this matter. Please contact EEOC directly for any
discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a
private lawsuit in State court. According to Government Code section 12965,
subdivision (b), you may bring a civil action under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment
agency named in the above-referenced complaint. The lawsuit may be filed in a State
of California Superior Court. Government Code section 12965, subdivision (b), provides
that such a civil action must be brought within one year from the date of this notice.
Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period
will be tolled during the pendency of the EEOC's investigation of your complaint. You
should consult an attorney to determine with accuracy the date by which a civil action
must be filed. This right to file a civil action may be waived in the event a settlement
agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC
using the contact information below.

EEOC Northern California                     EEOC Southern California
450 Golden Gate Ave 5-West              255 East Temple Ste., 4th Floor
PO Box 36025                                 Los Angeles, CA 90012
San Francisco, CA 94102                        (213) 894-1100
(415) 522-3000

DFEH-200-02 (01/13)

# EXHIBIT G

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY                                      CALIFORNIA DEPARTMENT OF SOCIAL SERVICES

## EMPLOYEE SEPARATION NOTICE
### PLEASE TYPE OR USE BALL POINT PEN WHEN COMPLETING THIS FORM

### SECTION A - EMPLOYEE INFORMATION:

| 1. Employee Name | 2. Social Security Number (Last 4 Digits) | 3. Current Position Number |
|---|---|---|
| Clarice Sanders-Hollis 4864 | 0493 | 800-696-5142-707 |
| 4. Home Address | 5. New Business Address | 6. New Business Phone Number |
| 8244 Visalia Way Sacramento, CA 95828 | | |
| 7. Last Day Physically Worked | 8. Last Day on Pay Status | 9. Disposition of Last Warrant |
| 01/08/2018 | 01/09/2018 | ☐ Will pick up   ☑ Mail to home |

### SECTION B - TYPE OF SEPARATION:

1. ☑ Transfer to Another State Agency (Enter Agency Name): CalTrans
2. ☐ Retirement (Circle Type): Service or Disability
3. ☐ Leaving State Service (Enter Reason): _____
4. ☐ Leave of Absence (Specify Type): _____ Anticipated Return Date: _____
5. ☐ Other (Specify): _____
6. ☐ Separating from a Conflict of Interest (COI) position? ☐ Yes ☐ No; If Yes, completion of Form 700 is mandatory. Notify COI Division Filing Officer.

### SECTION C - CURRENT MONTH ATTENDANCE

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31
8 8 8 8 S   8 8 ATO

EMPLOYEE SIGNATURE _____ DATE 1/8/18
SUPERVISOR SIGNATURE _____ DATE 1/8/18
ATTENDANCE COORDINATOR SIGNATURE _____ DATE 1/8/18

### SECTION D - CLEARANCE PROCESS:

It is the Attendance Coordinator's responsibility to submit original, completed form to the Transactions Unit at MS 8-15-58. The Transactions Unit ensures all clearances are obtained. Each box should be marked either N/A for not applicable or ✔ when completed.

**❶ UNIT / BUREAU***
☑ Badge
☑ Bureau Equipment
☐ CAL-Card (VISA) N/A
☐ Exit Survey N/A
☑ GEN 1321 (terminate Network Access)
REPRESENTATIVE _____ 1/8/18 DATE

**❷ BUSINESS SERVICES**
☑ Equipment — Cleared by _____ 2/15/18
☐ Parking Materials — Cleared by _____
☑ I.D. Badge — Cleared by _____ 01/09/18
☐ CAL-Card (VISA) — Cleared by _____

**❸ FISCAL SYSTEMS & ACCOUNTING BRANCH**
*Financial Services Bureau:*
☐ Salary Advance $_____
☑ Travel Advance $_____
☑ Remove CalATERS Access 1/10/18
☑ Deactivate Concur Access
☒ American Express Corporate Card ☐ Not Applicable ☐ Canceled
*Fund Accounting & Reporting Bureau:*
☑ Accounts Receivable $_____
☑ Dishonored Check $_____
* Personnel will attempt to recover amount shown. If unsuccessful, Accounting will be responsible for collection.
** Personnel is responsible for collection of amount shown.

**❹ HUMAN RESOURCE SERVICES BRANCH:**
☐ Attendance Document(s)
☐ Benefits (Dental, COBRA)
☐ Other: _____

Accounts Receivable/Salary Advance (if applicable):
Accounts Receivable/Salary Advance (shown above - #3) was recovered:
Amount Deducted: $_____
Pay Period: _____
Warrant Number: _____
* If entire amount (as shown in box #3) cannot be recovered, Personnel will follow internal collection procedures.
PERSONNEL SPECIALIST _____ DATE 1/8/18

PS 381 (11/14)                                                                              PAGE 3 OF 3

# CERTIFICATE OF SERVICE

Case Name:   **Clarice Sanders-Hollis v. State**          No.     2:19-cv-00092-KJM-DB
             **of California, Health and**
             **Human Services Agency,**
             **Department of Social Services**

I hereby certify that on <u>October 21, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE (12)(b)(6)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 21, 2019</u>, at Sacramento, California.

| Marianne Baschiera | */s/ Marianne Baschiera* |
|:---:|:---:|
| Declarant | Signature |

SA2019100060
POS RJN.docx