| | |
|---|---|
| 1 | XAVIER BECERRA, State Bar No. 118517<br>Attorney General of California |
| 2 | PETER D. HALLORAN, State Bar No. 184025<br>Supervising Deputy Attorney General |
| 3 | CORI R. SARNO, State Bar No. 230559<br>Deputy Attorney General |
| 4 | DAVID S. KIM, State Bar No. 324531<br>Deputy Attorney General |
| 5 |   1300 I Street, Suite 125<br>  P.O. Box 944255 |
| 6 |   Sacramento, CA 94244-2550<br>  Telephone: (916) 210-6182 |
| 7 |   Fax: (916) 324-5567<br>  E-mail: Cori.Sarno@doj.ca.gov |
| 8 | *Attorneys for Defendant*<br>*California Department of Social Services* |
| 9 | *(erroneously sued as the State of California and the*<br>*Health and Human Services Agency)* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLARICE SANDERS-HOLLIS,**<br><br>                            Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, HEALTH AND HUMAN SERVICES AGENCY, DEPARTMENT OF SOCIAL SERVICES; and DOES 1 through 20, inclusive,**<br><br>                            Defendants. | 2:19-cv-00092-KJM-DB<br><br>**CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(b)(6)**<br><br>Date: November 22, 2019<br>Time: 10:00 a.m.<br>Dept: 3, 15th Floor<br>Judge: The Honorable Kimberly J. Mueller<br>Trial Date: None Set<br>Action Filed: 8/20/2018 |

      Plaintiff Clarice Sanders-Hollis ("Sanders-Hollis"), in opposing Defendant California Department of Social Services' ("DSS") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), fails to identify any facts in her First Amended Complaint supporting her contention that her allegations sufficiently state a claim for relief under Rule 8(a)(2). Nor does

her opposition meaningfully rebut the arguments raised in DSS' Motion to Dismiss. Because her First Amended Complaint plainly fails to give DSS fair notice of what her claims are and the grounds upon which they rest, the Court should dismiss Sanders-Hollis' First Amended Complaint for failure to state a claim upon which relief can be granted.

Notably, Sanders-Hollis provides no authority[1] for the proposition that it is sufficient to plead a laundry list of purportedly adverse actions, with no indication of when they occurred, who was involved, or for how long they occurred. This is because such a case does not exist. Moreover, the two employment cases upon which Sanders-Hollis relies are factually distinguishable. The complaint in *Swierkiewicz* "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Similarly, the complaint in *Johnson* named or described the individuals responsible for the offending conduct and detailed the conduct alleged to be unlawful. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) (complaint named the allegedly responsible doctor, provided specific identifiers of other individuals as the persons involved, and pleaded specific facts supporting plaintiff's claim for harassment). Sanders-Hollis' First Amended Complaint, in contrast, does not identify *any* of the individuals whom she claims are responsible for the underlying conduct, includes no dates, and otherwise fails to provide facts sufficient to identify, much less investigate, the events constituting the basis of any of her claims.

Sanders-Hollis' contention that DSS "provide[d] no binding authority requiring a Plaintiff provide the 'who, what, where, when, and why,'" misses the mark. (Opposition p. 6:11-13.) The law does not require a plaintiff bringing an employment suit to plead specific facts establishing a prima facie case, but it does require that she plead relevant dates and facts identifying at least some of the relevant persons involved in the adverse employment action, locations, or specific incidents. *See, e.g., Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730, 2013 WL 1758760, at *6 (N.D. Cal. Apr. 24, 2013); *O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*, No. C10-0941,

---

[1] DSS does not argue that employment discrimination suits are subject to a heightened pleading standard. Sanders-Hollis' contention, to this effect, is a straw man, and does not address how her First Amended Complaint satisfies *any* pleading standard.

2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010); *see also Lavery-Petrash v. Sierra Nevada Mem'l Hosp.*, No. 2:11-CV-1520, 2014 WL 334218, at *7 (E.D. Cal. Jan. 29, 2014). Though none of these cases are binding precedent, they demonstrate that district courts in California have consistently dismissed employment discrimination claims that do not meet this standard. Sanders-Hollis provides no authority to the contrary.

Finally, Sanders-Hollis does not meaningfully dispute that she failed to adequately plead exhaustion of her administrative remedies. She instead asserts that "the First Amended Complaint is compliant with Rule 8," without explaining the basis for this assertion. Though her burden at the pleading stage is minimal, Hollis-Sanders must still provide "a factual basis for [her] claim, including when [her administrative] complaint was filed, a reference to the allegations contained therein, and the date [s]he received a right-to-sue letter." *See Mock v. California Dep't of Corr. & Rehab.*, No. 1:15-CV-01104-MJS, 2015 WL 5604394, at *7 (E.D. Cal. Sept. 23, 2015). She has not.[2]

Sanders-Hollis, despite claiming she can "easily plead . . . facts, parties, individuals, the contents and dates of the DFEH/EEOC charges and subsequent events, [and] the contents of dates of the DFEH/EEOC right to sue letters," claims she does not have to plead any of this information under Federal Rule of Civil Procedure 8(a)(2). Opposition to Motion to Dismiss at 4-5. By not doing so, Sanders-Hollis has failed to plead facts sufficient to inform DSS of the time during which the alleged unlawful actions occurred, the duration of the actions, or the persons responsible, even though she claims she can do so "easily." This flies in the face of the purpose of notice pleading. "Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Balderas v. United Parcel Serv., Inc.*, 385 F. Supp. 3d 1090, 1095 (D. Idaho 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554).

///

---

[2] In her opposition brief, Sanders-Hollis provides a number of factual assertions in support of her claim that she exhausted her administrative remedies prior to filing suit. Sanders-Hollis, however, has not pleaded *any* of these facts in her First Amended Complaint.

Accordingly, DSS requests that the Court dismiss Sanders-Hollis' First Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: November 13, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER D. HALLORAN
Supervising Deputy Attorney General
CORI R. SARNO
Deputy Attorney General

/s/ David S. Kim

David S. Kim
Deputy Attorney General
*Attorneys for Defendant
California Department of Social Services
(erroneously sued as the State of California
and the Health and Human Services Agency*

SA2019100060
Def's Reply to Opposition to Motion to Dismiss.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Clarice Sanders-Hollis v. State of California, Health and Human Services Agency, Department of Social Services** | No. | 2:19-cv-00092-KJM-DB |

I hereby certify that on <u>November 13, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CALIFORNIA DEPARTMENT OF SOCIAL SERVICES' REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(b)(6)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 13, 2019</u>, at Sacramento, California.

| Marianne Baschiera | */s/ Marianne Baschiera* |
|---|---|
| Declarant | Signature |

SA2019100060
14266235.docx