1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARICE SANDERS-HOLLIS,                    No.  2:19-cv-00092-KJM-DB

12            Plaintiff,

13        v.                                    ORDER

14   STATE OF CALIFORNIA, HEALTH
     AND HUMAN SERVICES AGENCY,
15   DEPARTMENT OF SOCIAL SERVICES,
     et al.,
16
              Defendants.
17

18

19            Defendant California Department of Social Services[1] moves to dismiss plaintiff

20   Clarice Sanders-Hollis's first amended complaint under Federal Rule of Civil Procedure 12(b)(6).

21   Mot., ECF No. 23.  Plaintiff opposes the motion, Opp'n, ECF No. 25, and defendant has replied,

22   Reply, ECF No. 28.  On December 11, 2019, the court submitted the matter without hearing and

23   resolves the motion here.  For the reasons stated below, defendant's motion to dismiss is

24   GRANTED.

25

26   _____

27        [1] In its moving papers, defendant notes that plaintiff erroneously names defendant as the
     State of California, Health and Human Services Agency, rather than its proper name California
28   Department of Social Services.  Mot. at 2 n.1.

                                              1

1   I.      DISCUSSION

2          The court assumes the parties' familiarity with the facts and procedural history of

3   this matter and incorporates by reference its summary of the claims and applicable legal standard

4   under Federal Rule of Civil Procedure 12(b)(6) articulated in its prior order granting defendant's

5   motion to dismiss.  *See* Prior Order at 1–2, ECF No. 18.  Accordingly, the court proceeds directly

6   to the issues raised in defendant's motion.

7          A.      Exhaustion

8          Defendant's first motion to dismiss challenged the sufficiency of plaintiff's

9   original complaint due to a lack of factual support, *see* ECF No. 3, and the court granted the

10  motion for that reason, *see generally* Prior Order.  Here, defendant contends that plaintiff's Title

11  VII, ADEA and FEHA claims as currently alleged must be dismissed for failure to plead facts

12  showing exhaustion of administrative remedies.  Mot. at 4–6.

13         "Exhausting administrative remedies by filing a timely charge with the EEOC or

14  the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under

15  both Title VII and the ADEA."  *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D.

16  Ariz. 2019) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1947); 29 U.S.C.

17  § 626(d)(1)); *see Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1214–15 (E.D.

18  Cal. 2006) ("Under California law, the requirement of exhaustion of administrative remedies

19  under FEHA is a jurisdictional prerequisite to resort to the courts." (citing *Johnson v. City of*

20  *Loma Linda*, 24 Cal. 4th 61, 70 (2000)).

21         Here, the court need not address the administrative process by which a claim is

22  adequately exhausted because the first amended complaint is devoid of factual allegations that

23  plaintiff did in fact exhaust her administrative remedies.  *See generally* First Am. Compl.

24  ("FAC"), ECF No. 22.  The complaint contains only the bare allegation that plaintiff "has

25  received Right to Sue letters from the California Department of Fair Housing and Employment

26  and U.S. Equal Employment Opportunity Commission and has thus exhausted all necessary

27  administrative remedies."  FAC ¶ 24.  This conclusory assertion fails to satisfy even the

28  minimum pleading requirements of Rule 8.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

2

1  (2007).  For example, the complaint fails to state the date on which plaintiff submitted her claims

2  to the Equal Employment Opportunity Commission and California Department of Fair Housing

3  and Employment, the charge numbers for those claims, or the dates on which she received her

4  right to sue letters from those agencies.  Because exhaustion is jurisdictional, the complaint must

5  contain, at a minimum, sufficient detail to assure the court it has jurisdiction to consider the

6  matter before it.  *See Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) ("Exhaustion of

7  administrative remedies under Title VII requires that the complainant file a *timely* charge with the

8  EEOC, thereby allowing the agency time to investigate the charge." (emphasis added)).  The

9  conclusory allegations here provide the court no means of evaluating whether the administrative,

10  and thus jurisdictional, prerequisites of plaintiff's claims have been satisfied.  For this reason,

11  defendant's motion to dismiss is granted and plaintiff's Title VII, ADEA and FEHA claims

12  encompassing all nine causes of action are dismissed.

13          B.      Leave to Amend

14              Despite the first amended complaint's lack of detail, plaintiff's opposition

15  indicates she can cure the ills described above.  *See* Opp'n at 5 ("Plaintiff can easily plead these

16  facts, parties, individuals, the contents and dates of the DFEH/EEOC charges and subsequent

17  events, the contents of dates of the DFEH/EEOC right to sue letters, and any other factual detail

18  required.").  Accordingly, plaintiff is granted one final opportunity to amend.  *See* Fed. R. Civ. P.

19  15(a)(2) ("The court should freely give leave when justice so requires.").

20  II.     CONCLUSION

21              Defendant's motion to dismiss, ECF No. 23, is GRANTED, and plaintiff is

22  granted one final opportunity to amend.  Plaintiff's second amended complaint shall be filed

23  within twenty-one (21) days of this order.

24              IT IS SO ORDERED.

25  DATED:  July 2, 2020.

26

27                                              _____
                                                CHIEF UNITED STATES DISTRICT JUDGE

28