UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clarice Sanders-Hollis,<br><br>    Plaintiff,<br><br>    v.<br><br>State of California, Health and Human Services Agency, Department of Social Services,<br><br>    Defendants. | No. 2:19-cv-00092-KJM-DB<br><br>ORDER |

In this employment discrimination action, plaintiff Clarice Sanders-Hollis alleges violations of the Age Discrimination in Employment Act ("ADEA"), Title VII, and the Fair Employment and Housing Act ("FEHA"). On July 27, 2020, plaintiff filed her second amended complaint ("SAC"), ECF No. 34. Defendant California Department of Social Services moves to dismiss for failure to allege facts demonstrating a claim for relief. Mot., ECF No. 35. Plaintiff opposes. Opp'n, ECF No 36. Defendant has replied. Reply, ECF No. 38. On October 27, 2020, the court submitted the matter on the papers. Min. Order, ECF No. 37. For the reasons stated below, defendant's motion to dismiss is **denied**.

The court assumes the parties' familiarity with the facts and procedural history of this matter and incorporates by reference its summary of the claims and applicable legal standard under Federal Rule of Civil Procedure 12(b)(6) articulated in its prior September 20, 2019 order granting defendant's motion to dismiss with leave to amend. *See* Prev. Order (Sept. 20, 2019) at

1–2, ECF No. 18. Accordingly, the court proceeds to analyze the merits of defendant's instant motion.

**I.    DISCUSSION**

**A.    Incorporation by Reference**

Plaintiff asssserts nine claims: 1) discrimination in violation of FEHA; 2) failure to prevent discrimination in violation FEHA; 3) harassment in violation of FEHA; 4) failure to prevent harassment in violation of FEHA; 5) retaliation in violation of FEHA; 6) failure to engage in good faith in the interactive process in violation of FEHA; 7) failure to accommodate in violation of FEHA; 8) violation of Title VII of the Civil Rights Act; 9) violation of the Age Discrimination in Employment Act. *See generally* SAC. Defendant argues plaintiff fails to allege facts demonstrating a claim for relief for each of plaintiff's nine claims, Mot. at 4, and posits the complaint should be dismissed with prejudice based on undue delay or futility, *id.* at 6–7. Additionally, defendant argues plaintiff's pleading violates Federal Rule of Civil Procedure 10(b) by "daisy chaining," as it incorporates by reference all of the previous paragraphs in each of plaintiff's claims. *Id.* at 5. While plaintiff does incorporate by reference entire paragraphs, this aspect of her pleading does not preclude a "clear presentation of the matters set forth" in plaintiff's complaint. *Johnson v. Couturier*, No. 05-2046, 2007 WL 9728989, at *3 (E.D. Cal. Jan. 19, 2007) ("Although incorporation by reference is favored, the allegations incorporated by reference should be germane to the cause of action pleaded to "facilitate the clear presentation of the matters set forth."). It is clear from the complaint itself which allegations are relevant to each cause of action. *See generally* SAC. Plaintiff's use of incorporation by reference is not grounds for dismissal. The court thus considers whether plaintiff states a claim, considering her nine claims.

**B.    Pleading of Prima Facie Case Not Required**

Defendant moves to dismiss, arguing the complaint is nearly identical to the previous complaint, Mot. at 3, and the allegations are conclusory and do not provide sufficient factual support, *id.* at 4–5. Plaintiff argues dismissal based on insufficient factual allegations would be improper given this court's ruling on defendant's motion to dismiss the first amended complaint.

Opp'n at 2. In that order, the court granted defendant's motion based on plaintiff's failure to plead exhaustion, Prev. Order (July 6, 2020) at 2–3, ECF No. 33, and did not reach defendant's other arguments challenging the sufficiency of plaintiff's factual allegations, Prev. Mot. (Oct. 21, 2019) at 8–10, ECF No. 23. In light of the court's prior decision, plaintiff argues she had no reason to amend the complaint beyond adding exhaustion allegations and should be given leave to amend if the complaint is now dismissed on other grounds. Opp'n at 2.

As a threshold matter, the type of employment discrimination claims plaintiff brings, filed under federal and California law, call for the same analysis. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000). A motion to dismiss tests only the complaint's "legal sufficiency." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). An employment discrimination complaint need not contain specific facts establishing a prima facie case, rather, it must contain only a short and plain statement of the claim sufficient to give the employer notice. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (plaintiff pleading he was terminated because of his national origin and age, describing events leading to his termination, and including the ages and nationalities of individuals involved with his termination "easily satisfie[d] the requirements of Rule 8(a)."). While a prima facie case is not required to survive a motion to dismiss, a complaint must survive a motion to dismiss if it goes beyond notice pleading to plead a plausible prima facie case of discrimination. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 & n.2 (9th Cir. 2012). "District courts in this circuit regularly look to the elements of a prima facie case to inform a decision on a motion to dismiss." *Cervantes v. Stockton Unified Sch. Dist.*, No. 15-60, 2015 WL 3507416, at *4 (E.D. Cal. June 3, 2015) (citing *Jinadasa v. Brigham Young Univ.-Hawaii*, No. 14-00441, 2015 WL 3407832, at *3 (D. Haw. May 27, 2015) (noting "the elements of a prima facie case . . . are a useful tool in assessing whether [the plaintiff] meets the requirement in Rule 8(a)" and collecting cases)). While the particulars of a prima facie case of discrimination vary from case to case, there must be a general showing plaintiff: (1) is a member of a protected class; (2) was qualified for a position; and (3) suffered an adverse employment action in circumstances that suggest a discriminatory motive. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff must commonly resort to circumstantial evidence of a discriminatory motive.

*See, e.g., U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, (1983) ("There will seldom be 'eyewitness' testimony as to the employer's mental processes."). "An inference of discrimination can be established by showing the employer had a continuing need for the employee['s] skills and services in that their various duties were still being performed . . . or by showing that others not in their protected class were treated more favorably." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008) (citation and marks omitted). The *McDonnell Douglas* test "is an evidentiary standard, not a pleading requirement" meant to supplant the pleading standard applicable in resolving a Rule 12(b)(6) motion. *See Swierkiewicz*, 534 U.S. at 510–11.

The court finds plaintiff's second amended complaint survives the motion to dismiss because plaintiff has gone beyond the minimum pleading requirements to plead a plausible prima facie case with respect to each of her nine claims. The court analyzes each of the nine claims in turn.

**C. State and Federal Discrimination Claims (Claims 1, 8 and 9)**

"Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Under both Title VII and FEHA, the elements of a prima facie case of disparate treatment discrimination are evidence of membership in a protected class, satisfactory job performance, an adverse employment action, and evidence of discriminatory motive. *See, e.g., McDonnell Douglas*, 411 U.S. at 802; *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 691 (9th Cir. 2017) (discrimination based on race); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (discrimination based on gender); *Stevenson v. Superior Court*, 16 Cal. 4th 880, 905 (1997) (discrimination based on age; plaintiff must be over forty years old).

With respect to claims 1, 8 and 9, defendant primarily argues the complaint lacks "identifying facts." Mot. at 5. But plaintiff spells out her protected categories: race, gender and age. SAC ¶ 6. Plaintiff alleges she was qualified for her position, as shown by her employee

awards and lack of reprimands before the alleged discrimination began. *Id*. Plaintiff alleges adverse action, claiming she faced harassment, reprimands, and increased scrutiny. *Id.* ¶¶ 6–8. Plaintiff alleges discriminatory motive, inferred by the more favorable treatment of employees outside of plaintiff's protected classes and the comments individuals made regarding plaintiff's race, age and culture. *Id.* ¶¶ 7, 8. While plaintiff's current complaint may not include any names and only a few dates, plaintiff nonetheless pleads a plausible prima facie case for disparate treatment discrimination for purposes of claims 1, 8 and 9. *See Sheppard*, 694 F.3d at 1050 n.2 ("where a plaintiff pleads a plausible prima facie case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss"). Plaintiff's disparate treatment discrimination claims survive the motion to dismiss.

"A claim of disparate impact challenges 'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002) (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); 42 U.S.C. § 2000e-2(k)(1)(A)(i)). "A plaintiff establishes a prima facie case of disparate impact by showing a significant disparate impact on a protected class caused by a specific, identified, employment practice or selection criterion." *Stout*, 276 F.3d at 1121–22 (citing *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 656–57 (1989); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990)).

Here, plaintiff alleges the defendant has a facially neutral, merit-based system for determining transfers. SAC ¶ 17. Plaintiff alleges she has a disability, *id. ¶* 9, and alleges defendant's system, however facially neutral, has a disparate impact on individuals with disabilities as it impedes their transfer requests. *Id*. ¶ 17. While plaintiff does not allege statistical evidence supports the causation element of the disparate impact case at this stage, she is not required to at this stage. *Swierkiewicz*, 534 U.S. at 514 ("[A]n employment discrimination complaint need not include [specific facts establishing a prima facie case] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (quotation marks omitted)).

The court finds plaintiff has provided sufficient allegations and her claims for disparate treatment and disparate impact survive the motion to dismiss.

**D.     Harassment (Claim 3)**

To state a claim for harassment under the FEHA, a plaintiff must allege facts showing the harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009) (quoting *Miller v. Dep't of Corrs.*, 36 Cal. 4th 446, 462 (2005)); *Andrade v. Staples, Inc.*, No. 14-7786, 2014 WL 5106905, *3 (C.D. Cal. Oct. 9, 2014) ("Harassment, under FEHA, 'can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting *Rehmani v. Superior Court*, 204 Cal. App. 4th 945, 951 (2012)). Defendant claims the harassment allegations here fail because plaintiff does not identify who harassed her, when they did, and for how long. Mot. at 5. However, plaintiff does identify the individuals who "subjected [her] to harassment and discrimination" by title, alleging they were her supervisors. SAC ¶ 6. Given defendant's level of access to plaintiff's employment records, defendant is in a position to identify plaintiff's supervisors and therefore also investigate and defend this claim.

Plaintiff asserts she experienced a hostile work environment based on her race, gender and age. *Id.* ¶ 7. Specifically, plaintiff alleges her supervisors "subjected [p]laintiff to slurs, stereotypes, and tropes about [p]laintiff's protected categories" including by using the "'n' word," claiming plaintiff had trouble working with a supervisor because plaintiff was older than the supervisor, intimidating plaintiff by raising their voices, calling plaintiff "stupid" and "retarded," and threatening violence in plaintiff's presence. *Id.*

Plaintiff states a claim for harassment based on race, gender and age based on her allegations in the second amended complaint.

**E.     Failure to Prevent Discrimination and Harassment (Claims 2 and 4)**

"Under FEHA, it is an unlawful employment practice for an employer to fail 'to take all reasonable steps necessary' to prevent discrimination, harassment, and retaliation from

occurring." *Brewer v. Leprino Foods Co., Inc.*, No. 16-1091, 2019 WL 1206702, *5 (E.D. Cal. Mar. 14, 2019) (citing Cal. Gov't Code § 12940(k)); *Taylor v. City of Los Angeles Dep't of Water & Power*, 144 Cal. App. 4th 1216, 1239–40 (2006)). To state such a claim, plaintiff must plead: "(1) plaintiff was subjected to discrimination, harassment, or retaliation; (2) defendant failed to take reasonable steps to prevent discrimination, harassment, or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Brewer*, 2019 WL 1206702, at *5 (quoting *Leland v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)).

As discussed above, plaintiff sufficiently pleads underlying claims of discrimination and harassment. Plaintiff alleges she reported the harassment to defendant's management staff and defendant's EEO office. SAC ¶ 9. Plaintiff further alleges defendant failed to prevent or address the discrimination, and more specifically, defendant did not investigate the complaints or discipline the supervisors involved. *Id*. ¶ 21. Plaintiff alleges defendant's inaction caused her to continue to suffer harassment and discrimination, which affected her mental health. *Id. ¶¶* 13,14.

Plaintiff states a claim for failure to prevent discrimination and harassment.

### F.  Retaliation (Claim 5)

"To establish a prima facie case of FEHA retaliation, a plaintiff must allege, in order ultimately to show: (i) that she engaged in a protected activity; (ii) the employer subjected her to an adverse employment action; and (iii) a causal link existed between her protected activity and the employer's action." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 911 (E.D. Cal. 2017) (citing *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)) (citation omitted). "A plaintiff engages in protected activity if she opposes unlawful employment practices, when that opposition is based on a 'reasonable belief' that the employer's actions are unlawful." *Ayala*, 263 F. Supp. 3d at 911 (citing *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994)). A causal link between the protected activity and adverse action can be pled by invoking circumstantial evidence, "including the employer's knowledge of the protected activity and the proximity in time between the protected action and the adverse employment act." *Id.* (citing *Dawson*, 630 F.3d at 936; *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988)).

7

Plaintiff alleges she was retaliated against after lodging complaints with management and the EEO office about the harassment targeting her, SAC ¶ 9, and that she suffered adverse actions as a result including continued harassment, failure to promote, and changes in her employment conditions. *Id.* ¶¶ 14–16. Accordingly, plaintiff sufficiently pleads a prima facie case of retaliation.

### G. Reasonable Accommodation (Claim 7)

FEHA makes it an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m). "In order to state a claim for failure to provide reasonable accommodation, [a p]laintiff must allege that [she] suffers from a physical or mental disability, that [she] is a qualified individual, and that [d]efendant failed to reasonably accommodate [p]laintiff's disability." *Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 910 (N.D. Cal. 2015) (citing *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000)).

Defendant argues for dismissal, saying plaintiff does not identify her disability, to whom she submitted her transfer request, or when she asked for the accommodation. Mot at 5. Here as well, however, plaintiff's allegations are sufficient to allow defendant to investigate by checking their own internal records. Plaintiff alleges she informed management and defendant's EEO office of the harassment she was experiencing and asserted the harassment was worsening her disability, "which adversely affected [p]laintiff's mental health." SAC ¶ 9. She pleads that defendant granted plaintiff leave under the Family Medical Leave Act based on her disability. *Id.* ¶ 11. Plaintiff requested a transfer to another department as a reasonable accommodation. *Id.* ¶ 10. Plaintiff alleges she was denied the request and defendant "failed to engage in the interactive process in good faith by failing to explore any other accommodation." *Id.* ¶¶ 12–13.

Plaintiff's allegations state a prima facie case for denial of reasonable accommodation of the disability for which defendant granted her leave.

### H. Failure to Engage in Good Faith in an Interactive Process (Claim 6)

"Under FEHA, an employer's failure 'to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations' is a violation

8

of the statute separate from any failure to make reasonable accommodations for a qualified employee's disability." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 799–800 (N.D. Cal. 2015) (quoting Cal. Gov't Code § 12940(n)); *Wilson v. Cty. of Orange*, 169 Cal. App. 4th 1185, 1193 (2009). "FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800 (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001)). "Once initiated, the employer has a continuous obligation to engage in the interactive process in good faith." *Id.* (citing *Swanson v. Morongo Unified Sch. Dist.*, 232 Cal. App. 4th 954, 971 (2014), *as modified on denial of reh'g* (Dec. 23, 2014)). The interactive process "requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively." *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 919 (E.D. Cal. 2013) (internal quotation marks omitted). "To prevail on a section 12940(n) claim, an employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred." *Achal*, 114 F. Supp. 3d at 800 (citing *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015)). Plaintiffs are not required to identify such a reasonable accommodation at the pleading stage, however, because often "[e]mployees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have [available]." *Id.* (quoting *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1018 (2009)).

As discussed above, plaintiff alleges she has a disability, sought reasonable accommodation from defendant and was denied the transfer. SAC ¶¶ 9–10. Plaintiff further alleges defendant did not provide her with an alternative accommodation and did not engage in an interactive process to negotiate an accommodation. *Id.* ¶¶ 12–14.

Plaintiff sufficiently states a claim for failure to engage in an interactive process.

/////

## II. CONCLUSION

For the above reasons, plaintiff states a claim for each of her nine claims. Accordingly, defendant's motion to dismiss is **denied**.

This order resolves ECF No. 35.

IT IS SO ORDERED.

DATED: July 1, 2021.

CHIEF UNITED STATES DISTRICT JUDGE