UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clarice Sanders-Hollis, | No. 2:19-cv-00092-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| State of California, Health and Human Services Agency, Department of Social Services, | |
| Defendant. | |

Defendant California Department of Social Services (DSS)[1] moves to extend the deadlines for discovery, expert discovery, and dispositive motions, all of which have passed. Mot. at 2, ECF No. 41-1. Defendant did not complete discovery while its Motion to Dismiss Plaintiff's Second Amended Complaint was pending. Defendant's met and conferred with Plaintiff's counsel. Although plaintiff's counsel refused to stipulate to any extension, Email, Mot. Ex. A, ECF No. 41, counsel did not file any timely opposition to this motion.

Rule 6(b) generally permits a court to extend deadlines after they pass for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6 (b)(1)(B); *see also Soto v.*

/////

/////

---

[1] DSS was erroneously sued as the State of California, Health and Human Services Agency.

1

*Cty. of Sacramento*, No. 2:19-910, 2021 WL 2402524, at *3 (E.D. Cal. June 11, 2021). Courts usually consider:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

While it is likely debatable whether the defendant acted diligently in obtaining discovery,[2] opposing counsel has not made this argument and the court declines to do so on its behalf. The remaining factors appear to weigh in favor of reopening discovery. The court **grants the request to reopen discovery and sets the schedule as follows:**

- Fact discovery shall be completed by April 18, 2022;
- Expert disclosures shall be completed by May 18, 2022;
- Rebuttal expert witnesses shall be exchanged by June 2, 2022;
- All expert discovery shall be completed by June 8, 2022;
- All dispositive motions shall be heard by July 8, 2022.

This order resolves ECF No.41.

IT IS SO ORDERED.

DATED: October 19, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's counsel refused the stipulation because defendant "unilaterally decided to object to [plaintiff's] discovery and not to participate in the discovery process pending [defendant's] many Rule l2(b)(6) motions even though the rules are clear that such a motion does not stay discovery." Email at 1.